# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of PENN AIR CONTROL INC., a California corporation,<br><br>      Plaintiff,<br><br> v.<br><br>BILBRO CONSTRUCTION COMPANY, INC., a California corporation; and INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation;<br><br>      Defendants. | CASE NO. 16cv0003-WQH-NLS<br><br>ORDER |
| BILBRO CONSTRUCTION COMPANY, INC., a California corporation,<br><br>      Counterclaim Plaintiff,<br><br> v.<br><br>PENN AIR CONTROL INC., a California corporation; and ALPHA MECHANICAL, INC., a California corporation;<br><br>      Counterclaim Defendants. | |

| | |
|---|---|
| ALPHA MECHANICAL, INC., a California corporation,<br><br>             Counterclaim Plaintiff,<br><br>  v.<br><br>BILBRO CONSTRUCTION COMPANY, INC., a California corporation; FERGUSON PAPE BALDWIN ARCHITECTS, INC., a California corporation; SPARLING, INC., a Washington corporation; SHADPOUR CONSULTING ENGINEERS, INC., a California corporation; and DOES 1 through 10;<br><br>             Counterclaim Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for a Determination of Good Faith Settlement (ECF No. 146) filed by Counterclaim defendants Sparling, Inc. and Ferguson Pope Baldwin Architects, Inc.

**I. Background**

Penn Air Control Inc. ("Penn Air") initiated this action by filing the Complaint against Bilbro Construction Company. Inc. ("Bilbro") and International Fidelity Insurance Company ("Fidelity"). (ECF No. 1). Penn Air alleges that Bilbro wrongly failed to pay for services Penn Air performed during the renovation of Watkins Hall, a building in Monterey, California. *Id*. Bilbro filed a counterclaim against Penn Air and Alpha Mechanical, Inc. ("Alpha") based on the noise level of the HVAC systems installed in Watkins Hall. *Id*. Alpha filed a counterclaim against Bilbro; Ferguson Pape Baldwin Architects, Inc. ("FPBA"); Sparling, Inc.; and Shadpour Consulting Engineers ("SC Engineers"). (ECF No. 45). Alpha's counterclaim includes causes of action for (1) breach of contract against Bilbro, (2) breach of fiduciary duty against Bilbro, (3) negligence against Bilbro, (4) full indemnity against SC Engineers, and (5) partial indemnity against SC Engineers. *Id.*

On September 8, 2017, Counterclaim Defendants FPBA and Sparling filed the Motion for Determination of Good Faith Settlement (ECF No. 146). According to FPBA and Sparling, they "have agreed to settle this matter with Alpha for $385,000." *Id.* at 6. FPBA and Sparling ask the Court to order

> [t]hat the settlement between FPBA and Sparling and Alpha [(the "Settlement")] was entered in good faith [and t]hat any present or future claims and/or counter-complaints against FPBA or Sparling, for equitable comparative contribution, implied contractual indemnity, or partial or comparative indemnity, based on comparative negligence or comparative fault, and/or for declaratory relief arising out of the incident(s) giving rise to this litigation, shall be forever barred pursuant to Code of Civil Procedure sections 877.6.

*Id.* at 3. Bilbro and Fidelity filed an Opposition to the Motion for a Determination of Good Faith Settlement. (ECF No. 149). However, Bilbro and Fidelity do not contend that the Settlement was not entered into in good faith.[1]

## II. Discussion

California Code of Civil Procedure § 877.6 lays out the procedure to be followed when one or more, but not at all, joint defendants enter into a settlement agreement with a plaintiff. First, "a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement." Cal. Civ. Proc. Code § 877.6(a)(2). Then, "a nonsettling party may file a notice of motion to contest the good faith of the settlement." *Id.* "The party asserting the lack of good faith shall have the burden of proof on that issue." *Id.* at § 877.6(d). To determine whether a settlement was made in good faith, a court considers: (1) the amount of the settlement, (2) a rough approximation of the plaintiff's total recovery and the settlers' proportionate liability, (3) allocation of settlement proceeds among the plaintiff's settlement, (4) the settlers' financial condition and insurance limits, (5) evidence of fraud or collusion; and (6) a recognition that a settler should pay less in settlement than

---

[1] Bilbro and Fidelity contend that Bilbro, as the only Defendant named in Alpha's negligence claim that is not a party to the Settlement, "is entitled to a full and complete setoff of the settlement sum of $385,000." (ECF No. 149 at 2). The Motion for a Determination of Good Faith Settlement (ECF No. 146) does not require this Court to decide whether or not Bilbro is entitled to a setoff.

he would if he were found liable at trial. *Tech-Bilt Inc. v. Woodward-Clyde & Associates*, 38 Cal. 3d 488, 499-500 (1985). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

No party contends that the Settlement was not entered into in good faith. *See* ECF No. 149 (contending that Bilbro is entitled to a setoff, not that the Settlement was not entered into in good faith). Based on this fact, the Court's knowledge of the terms of the Settlement, and the Court's review of the factors articulated in *Tech-Bilt*, 38 Cal. 3d at 488, the Court finds that the Settlement was entered into in good faith within the meaning of California Code of Civil Procedure § 877.6. The Court's determination that the Settlement was made in good faith bars Bilbro (or any party added as a joint defendant in Alpha's negligence claim) from asserting any claims against FPBA or Sparling "for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Determination of Good Faith Settlement (ECF No. 146) is GRANTED. The Court determines that the Settlement was made in good faith and approves the Settlement pursuant to California Code of Civil Procedure § 877.6.

DATED: November 15, 2017

**WILLIAM Q. HAYES**
United States District Judge