UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENN AIR CONTROL, INC., <br><br> Plaintiff, <br><br> v. <br><br> BILBRO CONSTRUCTION COMPANY, INC. and INTERNATIONAL FIDELITY INSURANCE COMPANY, <br><br> Defendants. <br><br> And Related Counterclaims. | Case No.: 16-cv-0003-WQH-NLS <br><br> **ORDER** |

HAYES, Judge:

On November 28, 2018, Plaintiff Penn Air Control Inc.'s federal claim under the Miller Act, 40 U.S.C. § 3131, was voluntarily dismissed. (ECF No. 220). On January 4, 2019, Bilbro Construction Company (Bilbro) "request[ed] [that] the Court . . . determine whether it still has subject matter jurisdiction over this case." (ECF No. 229 at 2). On January 7, 2019, The Court ordered the parties to file briefs addressing this Court's continuing exercise of supplemental jurisdiction over the remaining state law claims. Briefs were received from Alpha Mechanical (Alpha) (ECF Nos. 234, 238), Shadpour Consulting Engineers (Shadpour) (ECF Nos. 235, 237), and Bilbro Construction Company (ECF No. 236).

Alpha and Shadpour contend that this Court should continue to exercise supplemental jurisdiction over this matter because of the substantial resources that have already been invested in this case. *See* ECF No. 234 at 2 ("In preparation for trial, all the exhibits have been tagged and exchanged, all the motions in limine have been briefed and submitted to the Court, all the witnesses have been lined up, all the experts have been lined up, the parties prepared the joint jury instructions, the parties submitted voir dire questions, the parties prepared their special verdict forms, the parties prepared their versions of the statement of the case, etc.").

Bilbro contends that "[i]t appears that this Court no longer has Article III subject matter jurisdiction over this case and, therefore, should dismiss the case . . . and, if any party so desires, the state law claims may be refiled in state court." (ECF No. 236 at 5).

I. **Legal Standard**

Upon a request from a party, the Court is required to make a finding regarding its decision to exercise supplemental jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) ("[T]he court is not required to make a § 1367(c) analysis unless asked to do so by a party."). The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims." *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)] values 'of economy, convenience, fairness, and comity.'" *Acri*, 114 F.3d at 1001; *see Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## II. Ruling of the Court

The complaint in this case was filed on July 17, 2015, and the Court did not lose original jurisdiction over this matter until Penn Air's Miller Act claim was dismissed on November 28, 2018. The Court ruled on numerous motions and invested substantial resources in this matter during the three years the Court oversaw this case under its original jurisdiction. At this point, the parties have already submitted motions in limine, trial briefs, and proposed jury instructions, and trial is set to begin in less than one month. The Court finds that the interests of judicial economy, convenience and fairness would not be served by dismissing this case at this relatively late stage in these proceedings. *See Trs. of Constr. Indus. v. Desert Landscape & Maint., Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (District court abused its discretion when it declined to exercise supplemental jurisdiction over a three-year-old case a week before trial: "Dismissing the case after such a long delay and after the parties were essentially done with trial preparation was neither fair to the parties nor an efficient use of judicial resources.").

## III. Conclusion

The Court will continue to exercise its supplemental jurisdiction over this matter. The Court will hear oral argument on motions in limine and address all other pretrial matters on January 31, 2019 at 1:00 pm.

1  　　　IT IS HEREBY ORDERED that all parties shall exchange any demonstrative
2  exhibits they intend to use in their opening statements and send a copy to the Court's efile
3  box by January 24, 2019.
4  　Dated:  January 18, 2019

　　　　　　　　　　　　　　　　　　　*William Q. Hayes*
　　　　　　　　　　　　　　　　　　　Hon. William Q. Hayes
　　　　　　　　　　　　　　　　　　　United States District Court