UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the Use and Benefit of PENN AIR CONTROL INC., a California corporation,<br><br>v.<br><br>BILBRO CONSTRUCTION COMPANY, INC., a California corporation; and INTERNATIONAL FIDELITY INSURANCE COMPANY, a New Jersey corporation,<br>                              Defendants. | Case No.: 16-cv-003-WQH-NLS<br><br>**ORDER** |
| And Related Counterclaims. | |

HAYES, Judge:

The matters before the Court are 1) Alpha Mechanical, Inc.'s ("Alpha") Motion for Attorneys' Fees, Costs and Pre-Judgment Interest (ECF No. 289); 2) Shadpour Consulting Engineer, Inc.'s ("SCE") Motion for Attorneys' Fees and Costs (ECF No. 292); and 3) Alpha's Motion to Re-Tax Costs (ECF No. 315).

///

///

# I. BACKGROUND

The background to this action is described in detail in the Court's Order on Bilbro Construction Company, Inc.'s ("Bilbro") Motion for New Trial. (ECF No. 335).

# II. ALPHA'S MOTION FOR ATTORNEYS' FEES, COSTS AND PRE-JUDGMENT INTEREST

### A. Contentions

Alpha contends that it is the prevailing party in this litigation and entitled to attorneys' fees and costs pursuant to Article XXXV of the Subcontract between Alpha and Bilbro. Alpha requests an award of "(1) at least $720,182 in attorneys' fees actually and reasonably incurred in having to defend itself and to prosecute its claims in this litigation; (2) $70,325 in costs incurred by Alpha in having to retain experts in this litigation; and (3) $107,051.45 in pre-judgment interest on the amounts withheld by Bilbro starting from April 2015." (ECF No. 289-1 at 6-7). Alpha's attorneys' fee request includes $49,709.50 in work performed prior to being served with Bilbro's Counterclaim, which Alpha asserts is "related to the enforcement of the Subcontract and preparation of a complaint by Alpha against Bilbro." *Id.* at 8-9. Alpha asserts that its billing rates are "well within those customarily charged by experienced litigation counsel within the Southern California legal community" and that it "took reasonable measures to staff the case, using one associate and one paralegal at a time with no overlap, where possible, to minimize cost . . . ." *Id.* at 14. Alpha states that it is only requesting fees already billed and paid by Alpha to its law firm, Solomon, Ward, Seidenwurm and Smith, LLP ("SWSS"). (Angert Decl., ECF No. 289-2 ¶ 22).

Bilbro contends that Alpha is not entitled to recover attorneys' fees for time spent prosecuting claims against litigants other than Bilbro or for Alpha's claim for "additional work" it performed implementing Sparling's noise mitigation suggestions. (ECF No. 311 at 6-7). Bilbro also contends that Alpha's fees should be reduced by 40% because Alpha overstaffed the matter and charges rates not commensurate with the San Diego legal community. Bilbro contends that Alpha is not entitled to expert fees because the experts

were not ordered by the Court. Finally, Bilbro contends that pre-judgment interest is only appropriate on the $323,352.00 that Bilbro withheld from Alpha at a simple interest rate because the award for additional work was uncertain. *Id.* at 8, 19.

## B. Legal Standard

Under Federal Rule of Civil Procedure 54(d)(2)(B)(ii), a motion for attorneys' fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." State law governs the interpretation and application of a provision in a contract that permits an award of attorney's fees. *Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 800 (9th Cir. 1993).

Section 1717 of the California Civil Code provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). "Section 1717 is calculated to provide mutuality of remedy and eliminate one-sided attorney fees clauses which would otherwise be used to force settlements of unmeritorious claims." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 n.15 (9th Cir. 1986) (citing *Berge v. Int'l Harvester Co.*, 190 Cal. Rptr. 815, 825 (Ct. App. 1983)).

Under California law, the trial court has discretion to determine what constitutes reasonable attorneys' fees. *PLCM Grp. v. Drexler*, 997 P.2d 511, 519 (Cal. 2000). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 115 Cal. Rptr. 3d 762, 772-73 (Ct. App. 2010) (quotation omitted). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *Id.* (quotation omitted). "Generally, the reasonable

hourly rate used for the lodestar calculation is that prevailing in the community for similar work." *Id.* at 772. After determining the reasonable hourly rate for comparable legal services in the community, courts may adjust that amount based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001). "[T]he purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.*

### C. Discussion

The jury in this matter found in favor of Alpha and against Bilbro on the parties' competing breach of contract claims. (ECF No. 266). The jury awarded Alpha more than a million dollars in damages for breach of contract. *Id.* Alpha was the prevailing party in this litigation.

Article XXXV of the Subcontract between Bilbro and Alpha provides:

> ATTORNEY FEES: Contractor shall have the right to collect from Subcontractor reasonable attorney fees and other costs of enforcing any provision or obligation arising under this agreement. Subcontractor expressly agrees to payment of such reasonable attorney fees and costs.

(Exh. C, ECF No. 313-5 at 23). Article XXXV is an attorney's fee provision, and under the mutuality provisions of section 1717(a) of the California Civil Code, Alpha is entitled to reasonable attorneys' fees and costs. *See U.S. for Use & Benefit of Reed v. Callahan*, 884 F.2d 1180, 1185 (9th Cir. 1989) ("In this case, the fact that the subcontract expressly limits the availability of fees to the contractor is of no effect."). Bilbro does not contest the award of attorneys' fees to Alpha for its successful defense against Bilbro's breach of contract claim. Bilbro also does not contest the award to the extent Alpha recovered for monies due under the original contract. Bilbro asserts that Alpha failed to establish that it was entitled to damages for the "additional work" it performed on the project and asserts that it would be inequitable to award Alpha attorneys' fees for the prosecution of this claim.

(ECF No. 311 at 10). The Court does not find merit in Bilbro's contention. Alpha was the prevailing party at trial on the breach of contract claim for additional work under the Subcontract and is entitled to attorneys' fees. *See Milman v. Shukhat*, 27 Cal. Rptr. 4th 526, 529-30 (Ct. App. 1994) (explaining that as long as an action "involves a contract," and one of the parties would be entitled to recover attorneys' fees under the contract, attorneys' fees are recoverable even if the court determines no contract existed). Alpha is entitled to attorneys' fees for its defense against Bilbro's breach of contract claim and for its breach of contract claim against Bilbro, because Alpha's claim against Bilbro arose under the Subcontract.

i. Attorneys' Fees and Costs

As support for their requested attorneys' fees, Alpha's lead attorney, Mark Angert, submitted a declaration listing the number of hours worked by individual timekeepers and the amount billed for those hours. (Angert Decl., ECF No. 289-2 ¶ 24). Over the nearly four-year duration of this litigation, Alpha has been primarily represented by attorneys Mark Angert, Richard McCarthy, and Andrew C. Myers, with paralegal support. Alpha requests the following fees:

| Name | Years' Experience | Billing Rate | Hours | Amount Billed |
|---|---|---|---|---|
| Richard E. McCarthy | 36 | 2015 - $425<br>2016 - $440<br>2017 - $450<br>2018 - $465<br>2019 - $475 | 2<br>0<br>84.5<br>64.3<br>0 | $850<br>$0<br>$38,025<br>$29,899.5<br>$0 |
| Mark Angert | 14 | 2015 - $310<br>2016 - $330<br>2017 - $350<br>2018 - $375<br>2019 - $395 | 195.8<br>646.3<br>308.5<br>280.6<br>207.4 | $60,698<br>$213,279<br>$107,975<br>$105,225<br>$81,923 |
| Edward J. O'Connor | 9 | 2016 - $285<br>2017 - $300 | 8<br>18 | $2,280<br>$5,400 |
| Peter J. Caltagirone | 9 | 2015 - $255 | 6.7 | $1,708.5 |

| Mikaela L. Weber | 6 | 2016 - $255 | 8.6 | $2,193 |
| --- | --- | --- | --- | --- |
| Paul M. Huston | 5 | 2016 - $250<br>2017 - $265 | 14.3<br>37.3 | $3,575<br>$9,884.5 |
| Andrew C. Myers | 8 | 2018 - $295<br>2019 - $305 | 5.3<br>103 | $1,563.5<br>$31,415 |
| Ray M. Bernal (paralegal) | 9 | 2015 - $125<br>2016 - $145<br>2017 - $150<br>2018 - $155 | 2.2<br>13.4<br>44.1<br>3.8 | $275<br>$1,943<br>$6,615<br>$589 |
| Justin Jenness (paralegal) | 6 | 2016 - $105<br>2018 - $140<br>2019 - $145 | 2.1<br>8.4<br>96.4 | $220.5<br>$1,176<br>$13,978 |

(Angert Decl., ECF No. 289-2 ¶ 24).

Alpha's billing records reflect rates of $425-475 for Richard E. McCarty, a partner with more than 30 years' experience; $310-395 for Mark Angert, a partner more than 10 years' experience; $285-$300 for Edward J. O'Connor, an associate with 9 years' experience; $295-$305 for Andrew C. Myers, an associate with 8 years' experience; $255 for Peter J. Caltagirone, an associate with 9 years' experience, and Mikaela L. Weber, an associate with 6 years' experience; and $250-$265 for Paul M. Huston, an associate with 5 years' experience. (Exh. 2, ECF No. 289-5). Alpha's billing records reflect rates of $125-$155 for Ray M. Bernal, a paralegal with 9 years' experience; and $105-$145 for Justin Jenness, a paralegal with 6 years' experience. *Id.*

### 1. *Hours Reasonably Expended*

Alpha is entitled to "an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same matter that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (quotation omitted). Alpha contends the attorneys' hours are reasonable because the issues in this case were complex; Alpha asserts that "it took three and a half years of getting the case to where it could be simplified to just [the breach of

contract] claim, including two private mediations, two settlement conferences and continuing settlement negotiations thereafter." (ECF No. 289-1 at 18). In addition, Alpha contends that their attorneys "put in significant time noted as a 'NC' or 'No Charge,'" and "does not include $21,015 in write offs and deductions for services rendered but discounted to avoid any work that may appear duplicative." *Id.* at 20.

Bilbro contends that Alpha's staffing of nine attorneys on this matter was unreasonable. However, billing records show that two attorneys, Peter J. Caltagirone and Mikaela L. Weber only billed during a single year. Three more attorneys, Andrew C. Myers, Paul M. Huston, and Edward J. O'Connor, only billed during two different years. This litigation has lasted more than three years. Only Mark Angert represented Alpha at the inception of this matter in 2015 through trial in 2019. The billing records do not show that Alpha staffed an excessive number of attorneys on this matter at any one point in time.

In over three years' of billing records, Bilbro only identifies a few entries it claims are duplicative or excessive and lacking in detail. (ECF No. 311 at 17-19). Alpha's attorneys were "not required to record in great detail how each minute of time was expended." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 433). Alpha met its burden by "listing his hours and identify[ing] the general subject matter of his time expenditures." *Fischer*, 214 F.3d at 1121 (quotation omitted). Accordingly, the hours expended by SWSS attorneys were reasonable.

The billing records show that the time the SWSS attorneys billed prior to October 2015, as well as the time spent billing on items related to Alpha's indemnity and negligence claims, was spent "in pursuit of the ultimate result" achieved in this case (*id.*; ECF No. 289-5 at 2-13): Alpha's prevailing at trial on Bilbro's claim against Alpha for breach of contract as well as Alpha's claim against Bilbro. *See Reynolds Metals Co. v. Alperson*, 599 P. 2d 83, 85 (Cal. 1979) ("Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and on in which they are not allowed."). Accordingly, Alpha is entitled to fees for the hours its

7

16-cv-003-WQH-NLS

attorneys worked, including the hours worked in 2015 before a claim was filed against Alpha.

## 2. *Reasonable Rate*

In determining a reasonable rate for attorneys' fees, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 892 n. 11 (1984). SWSS's Chief Operating Officer, Mathiew M. Vafi, submitted a declaration that states that "SWSS' average partner and associate billing rates are below or in line with the average billing rates for litigation partners and associates in the Southern California market." (Vafi Decl., ECF No. 289-8 ¶ 5). Vafi based this conclusion on the "Law Firm Compensation Billing Rate and Benefits Survey," which Vafi states is "prohibited from public disclosure" and was not filed with the Court. *Id.* Angert states in his supplemental declaration that "Mr. Lepiscopo told me he was charging Bilbro over $500 per hour and upwards of $600 per hour." (Angert Supp. Decl., ECF No. 317-1 ¶ 3). Other than the declarations of Angert and Vafi, Alpha has not submitted any evidence to show the attorneys' rates were in line with others in the community.

To support their claim that SWSS's rates are equal to or lower than comparable attorneys' in the local market, Alpha cites an ALM Legal Intelligence Survey that found "the average partner billing rate at the country's 350 largest law firms is $604 per hour while the average associate billing rate is $370 and, among firms with their largest office in Los Angeles, the average partner billing rate is $655 per hour while the average associate rate is $401 per hour." (ECF No. 289-1 at 16 (citing *In re Am. Apparel S'holder Litig.*, CV 10-06352 MMM, 2014 U.S. Dist. LEXIS 184548 (C.D. Cal. Jul. 28, 2014)). SWSS is not among the 350 largest law firms. It is "a mid-sized firm of about 35 lawyers." (Angert Decl., ECF No. 289-2 ¶ 34). Los Angeles is not located in the Southern District and is not "the forum in which the district court sits" for purposes of determining a comparable local billing rate. *Gonzales v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013). The

Court finds that Alpha has not satisfied its burden of establishing that the requested rates of its counsel are in line with the prevailing rates for similar work by comparable attorneys in the Southern District of California.

Because Alpha has not established that its attorneys' rates were reasonable, "[t]he trial court may make its own determination of the value of the services . . . ." *Drexler*, 997 P.2d at 519; *see Serrano v. Priest*, 569 P.2d 1303, 1316 (Cal. 1977) ("The experienced trial judge is the best judge of the value of professional services rendered in his court . . . ."). Bilbro contends the Court should reduce the partners' rates to $300 per hour and the associates' rates to $200 per hour and decline to award any paralegal fees. (ECF No. 311 at 7-12). (ECF No. 311 at 7-12).

In addition to reviewing the detailed billing records submitted by Alpha, the Court is familiar with the quality of representation and amount of time devoted to this case. *Drexler*, 997 P.2d at 519. The rates requested by Alpha are comparable to other awards in this district. Based on the Court's judgment and experience, the Court finds that the requested rates are reasonable. *See, e.g.*, *Diaz v. Kubler Corp.*, 12cv1742-MMA-BGS, 2014 U.S. Dist. LEXIS 199581, at *16 (S.D. Cal. Mar. 26, 2014) (awarding $400 per hour to a partner with 25 years of experience, and $250 per hour to an associate, in a simple case, where the party seeking the fee award had prevailed on only one issue); *De La Riva Constr., Inc. v. Marcon Eng'g, Inc.*, 11-CV-52-MMA (DHB), 2014 U.S. Dist. LEXIS 26138, at * 17 (S.D. Cal. Feb. 27, 2014) (awarding $220 per hour in 2014 for an associate); *Nash v. Life Ins. Co. of North Am.*, 2011 U.S. Dist. LEXIS 67430, at *11 (S.D. Cal. Jun. 22, 2011) (awarding $375 per hour in 2011 for an associate where the rates were uncontested). The requested rates are reasonable based on the relatively complex issues in this case, the time spent litigating, and the skill displayed by Alpha's attorneys allowing them to succeed at trial. *Ketchum*, 17 P.3d at 741.

Alpha has not shown that the paralegals performed any work other than clerical work. Angert states in his declaration the paralegals performed "non-legal research" and "compiling evidence." (Angert Decl., ECF No. 289-2 ¶ 21). The billing records show the

paralagels performed secretarial work such as "[d]ownload[ing] documents produced by Bilbro Construction, archive[ing] in repository and organiz[ing] for M. Angert review" (ECF No. 289-5 at 41, Exhibit 2) and "prepar[ing] expert witness trial binders for R. McCarthy" (ECF No. 289-5 at 112, Exhibit 2) As such, the paralegal fees are not compensable. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989).

Alpha may not recover the $6,399 requested by Angert in his supplemental declaration for preparing and filing notice of non-opposition, opposing Bilbro's request for *ex parte* relief to file an untimely opposition, and preparing the Reply in support of Alpha's Motion for Attorneys' Fees. (Angert Supp. Decl., ECF No. 317-1 ¶¶ 9-12). The requested fees are unreasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (explaining that the court must avoid "a windfall to counsel").

### Expert Fees and Costs

"Fees of experts not ordered by the court" are not allowable as costs, except when expressly authorized by law. Cal. Code Civ. P. § 1033.5(b)(1). Expert witness fees are not recoverable under a fees and cost award pursuant to section 1717 of the California Civil Code. *See Ripley v. Pappadopoulos*, 28 Cal. Rptr. 2d 878, 884-85 (Ct. App. 1994); *Robert L. Cloud & Assocs., Inc. v. Mikesell*, 82 Cal. Rptr. 2d 143, 150 (Ct. App. 1999), *as modified* (Feb. 11, 1999). In the event that "expert witness fees may be recovered under a contractual provision, they must be specially pleaded and proven at trial rather than included in a memorandum of costs." *Ripley*, 28 Cal. Rptr. 2d at 884.

In this case, Alpha seeks to recover $70,325.00 in expert witness fees under the Subcontract, which is made reciprocal to allow recovery by Alpha by section 1717 of the California Civil Code. Alpha did not prove expert witness fees at trial, and Alpha may not recover expert fees under section 1717. Accordingly, the Court declines to award Alpha the requested $70,325.00 in expert witness fees.

### i. Pre-Judgment Interest

Alpha requests the Court award compound pre-judgment interest from April 2015 on the amount awarded for work performed under the contract and the amount awarded for

additional work performed. (ECF No. 289-1 at 23). Alpha contends it is entitled to recover pre-judgment interest at the post-judgment interest rate set forth in 28 U.S.C. § 1961, which Alpha identifies as 2.4%. *Id.* If the Court awards pre-judgment interest on the amount awarded for work performed under the contract, Bilbro requests it award simple interest at the rate of 2.4% from January 4, 2016, the date the Complaint was filed. (ECF No. 311 at 20). Bilbro contends that Alpha is not entitled to interest on the amount awarded for additional work performed because those damages are unliquidated, were not contemplated under the original contract, and none of the parties were aware of the cost of the work until Alpha secured an expert's opinion. *Id.*

The jury awarded Alpha damages for breach of contract. Therefore, the Court applies California law to determine whether Alpha is entitled to pre-judgment interest. *See, e.g.*, *Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). Section 3287 of the California Civil Code mandates a court award pre-judgment interest to a prevailing party in a contract action where the amount of the plaintiff's claim can be determined by established market values or by computation. Section 3287 provides:

> A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day . . . ."

Cal. Civ. Code § 3287(a). Damages are deemed certain or capable of being made certain "where there is essentially no factual dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to the damage." *Wisper Corp. v. Cal. Commerce Bank*, 57 Cal. Rptr. 2d 141, 147 (1996) (quotation omitted) (alterations in original). The test for recovery of pre-judgment interest is "whether the defendant actually know[s] the amount owed or from reasonably available information could the defendant have computed that amount." *Id.* at 148 (quotation omitted). In a contract action where the amount of damages is uncertain, the Court has discretion to award pre-judgment interest from a date no earlier than the date

the action was filed. Cal. Civ. Code § 3287(b). Section 3287 does not specify the amount of pre-judgment interest to be awarded.

Here, the parties did not resolve the amount owed for additional work. The amount owed for additional work was debated and uncertain. Pre-judgment interested is mandated by section 3287(a) for the jury's award for work performed under the contract but discretionary for the unliquidated award for additional work performed. The Court awards compound interest of 2.4% on the award for work performed under the contract, from October 15, 2015, the date Bilbro filed its claim against Alpha. (ECF No. 17). The Court declines to award pre-judgment interest on the award for additional work, because an award of pre-judgment interest is intended to compensate the prevailing party for the time it was owed an amount certain, which is not the case here.

### III. SCE'S MOTION FOR ATTORNEYS' FEES

SCE contends it is a prevailing party in this litigation and is entitled to reasonable attorneys' fees and costs incurred in defending itself against Alpha's indemnity claims pursuant to the attorneys' fees clause of the contract between SCE and Alpha. (ECF No. 292-1 at 9). SCE alleges it is a prevailing party because "a plaintiff's voluntary dismissal of his action makes the defendant a prevailing party entitled to costs and fees." *Id.* (citations omitted). Alpha contends SCE is not entitled to attorneys' fees or costs because it is not a prevailing party. (ECF No. 296 at 6).

There was no prevailing party on Alpha's claim against SCE. *See* Cal. Civ. Code § 1717(b)(1) ("The court may also determine that there is no party prevailing on the contract for purposes of this section."). "[T]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only part of the relief sought." *Hsu v. Abbara*, 891 P.2d 804, 812 (Cal. 1995). The March 19, 2019, final judgment states, "Alpha Mechanical, Inc.'s claim for Contractual Indemnity against Shadpour Consulting Engineers, Inc. is dismissed as a result of Number 1, above." (ECF No. 286). "Number 1" states that Alpha is entitled to judgment against Bilbro. *Id.* Alpha did not voluntarily dismiss the claim against SCE; the claim was mooted

by Alpha prevailing against Bilbro.[1] SCE did not prevail in the claim against it and is not entitled to attorneys' fees.

The Court also denies Alpha's request for $15,946 in attorneys' fees to respond to SCE's motion and Bill of Costs, as well as Alpha's request to hold SCE jointly and severally liable for the award of attorneys' fees against Bilbro. (ECF No. 296 at 26). Alpha did not prevail in its claim against SCE and is therefore not entitled to the requested fees.

## IV. MOTION TO RE-TAX COSTS

Alpha requests the Court exercise its discretion under Local Rule 54.1(f) and reverse the Clerk of Court's Order taxing costs (ECF No. 312) in favor of SCE because SCE is not a prevailing party and is therefore not entitled to recover costs. (ECF No. 315-1 at 5).

The Clerk's Order states:

> According to Local Rule 54.1(f), 'The defendant is the prevailing party upon any termination of the case without judgment for the plaintiff except a voluntary dismissal under Fed. R. Civ. P. 41(a).' Alpha Mechanical, Inc.'s claim against counter defendant Shadpour Consulting Engineers, Inc. was dismissed. A dismissal is not a judgment for plaintiff, therefore Shadpour Consulting Engineers, Inc. is entitled to recovery from Alpha Mechanical, Inc.

(ECF No. 312 at 2).

Local Rule 54.1 provides that "[t]he determination of the prevailing party shall be within the discretion of the court in all cases except where such determination is inconsistent with statute or the Fed. R. Civ. P. or the rules of the appellate courts."

SCE is not a prevailing party. Therefore, SCE is not entitled to recover costs.

## V. CONCLUSION

IT IS HEREBY ORDERED that Alpha's Motion for Attorneys' Fees is GRANTED IN PART and DENIED IN PART. Alpha is awarded 1) attorneys' fees and 2) compound

---

[1] Even if Alpha had voluntarily dismissed the claim against SCE, SCE still would not be a "prevailing party" entitled to attorneys' fees under section 1717 of the California Civil Code. *See* Cal. Civ. Code § 1717(b)(2) ("Where an action has been voluntarily dismissed or dismissed pursuant to settlement of the case, there shall be no prevailing party for purposes of this section.").

pre-judgment interest of 2.4% from October 15, 2015, on the amount awarded for work performed under the contract. Alpha's request for pre-judgment interest on the award for additional work performed is DENIED. Alpha's request for expert fees is DENIED.

IT IS FURTHER ORDERED that SCE's Motion for Attorney's Fees is DENIED. Alpha's Motion to Re-Tax Costs is GRANTED.

IT IS FURTHER ORDERED that within three days of the date of this Order, Alpha shall file with the Court, and serve on Bilbro, an amended judgment. Bilbro shall file any objections to the amended judgment within three days of service of the amended judgment.

Dated: September 18, 2019

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court